_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SCOTT WILLIAMS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>UNITED STATES of AMERICA,<br><br>                    Defendant. | Case No. 1:18-cv-00006-DB<br><br>**MEMORANDUM DECISION AND ORDER GRANTING UNITED STATES' MOTION TO DISMISS**<br><br>Judge Dee Benson |

       Before the Court is the United States' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 12). The motion has been fully briefed, and a hearing was held before the Court on April 12, 2018. At the hearing, Plaintiff Scott Williams was represented by Andrew Fackrell, and the United States was represented by Jeffrey E. Nelson. Based on the parties' written and oral arguments, the pleadings, and the relevant law, the Court enters the following Memorandum Decision and Order.

**PROCEDURAL BACKGROUND**

       Plaintiff sued Kenneth Bruner, an employee of the United States Air Force, in the Second Judicial District Court of Davis County, State of Utah. *See* Notice of Removal (Dkt. 2), Ex. A (Dkt. 2-2). Plaintiff sued Mr. Bruner on theories of libel, slander, and defamation, alleging that Mr. Bruner had published false statements about him. *Id.* Ex. A (Dkt. 2-2) ¶¶ 19-29. The United States removed the case to this Court based on the certification of the United States Attorney that Mr. Bruner was acting within the scope of his federal employment at the time of the events on which Plaintiff's claim against him was based. *Id.*, Ex. B (Dkt. 2-3). Therefore, this case is now deemed

to be an action against the United States pursuant to the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2679(d)(2).

The United States moved to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(1), on the ground that this Court lacks subject-matter jurisdiction over Plaintiff's defamation claim; and pursuant to FED. R. CIV. P. 12(b)(6), on the ground that Plaintiff's defamation cause of action fails to state a claim on which relief can be granted. *See* Mot. to Dismiss Pl.'s Compl. (Dkt. 6). Plaintiff responded by filing an Amended Complaint in which he repeated his defamation cause of action and added two causes of action alleging that (1) the United States violated his constitutional rights under the Fifth and Fourteenth Amendments to the U.S. Constitution by making the allegedly false statements about him (Pl.'s Am. Compl. (Dkt. 8), ¶¶ 26-31), and (2) the false statements damaged Plaintiff by placing him in a "false light" (*Id.* ¶¶ 32-37). Plaintiff invokes the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. 1367(a); and "common law." *Id.* ¶ 1.

The United States has again moved to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6). *See* Mot. to Dismiss Pl.'s Am. Compl. (Dkt. 12).

**STANDARD OF REVIEW**

In response to the United States' motion under Rule 12(b)(1), Plaintiff bears the burden of establishing that the Court has subject-matter jurisdiction. *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). Because the United States' motion is a facial challenge to the jurisdictional basis of Plaintiff's Amended Complaint, the Court accepts the allegations of the Amended Complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). The

United States, as sovereign, is immune from suit except to the extent it has waived its immunity. *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475 (1994). In the absence of a waiver of sovereign immunity, the district courts lack subject-matter jurisdiction over a claim against the United States. *Id.*

To survive a motion under Rule 12(b)(6), each cause of action of Plaintiff's Amended Complaint must contain factual allegations sufficient to state a claim that is plausible on its face. *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 560-62 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). The Court accepts the allegations of the Amended Complaint as true and draws all reasonable inferences from the allegations in Plaintiff's favor. *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 385 (10th Cir. 2016).

## DISCUSSION

### A. Plaintiff's Claim of a Violation of his Constitutional Rights

Plaintiff's first cause of action against the United States alleges that Mr. Bruner's statements about Plaintiff defamed him and thus violated his liberty interest under the Fifth and Fourteenth Amendments to the U.S. Constitution. *See* Pl.'s Am. Compl. (Dkt. 8) ¶¶ 26-31. Although Plaintiff's Amended Complaint does not cite the FTCA as a jurisdictional basis for his claims, this case is deemed to be an action under the FTCA as a result of the United States' removal of the case to this Court. 28 U.S.C. § 2679(d)(2). The FTCA, however, does not waive the

United States' immunity from constitutional-tort claims. *Meyer*, 510 U.S. at 477-79.

The additional jurisdictional grounds cited in Plaintiff's Amended Complaint do not provide a basis for this Court's jurisdiction. Plaintiff cites 28 U.S.C. §§ 1331 and 1343, but while these statutes confer federal jurisdiction over specified categories of claims, they do not waive the federal government's sovereign immunity. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("[D]istrict court jurisdiction cannot be based on § 1331 unless some other statute waives sovereign immunity." (citation and internal quotations omitted)); *Salazar v. Heckler*, 787 F.2d 527, 528-29 (10th Cir. 1986) ("This language [§ 1343(a)(4)] does not by itself include any waiver of the sovereign immunity of the United States.").

Plaintiff next cites 42 U.S.C. §§ 1983 and 1988 as grounds for this Court's jurisdiction. Section 1983 authorizes claims for persons who have been deprived of their constitutional rights by another person acting under the color of state law, and Section 1988 authorizes an award of fees for the prevailing party in a Section 1983 action. These statutes, however, do not waive the federal government's sovereign immunity and thus cannot provide a jurisdictional basis for Plaintiff's claim. *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) ("[Plaintiff's] claim under 42 U.S.C. § 1983 fails as a matter of law because this section applies to actions by state and local entities, not to the federal government." (citations omitted)); *Dye v. United States*, 516 F. Supp. 2d 61, 70-71 (D.D.C. 2007) (Section 1983 does not waive the United States' sovereign immunity).

Plaintiff also cites 28 U.S.C. § 1367(a) in support of his claim of jurisdiction. Section 1367(a) provides for supplemental jurisdiction over claims that are related to a pending claim "of which the district courts have original jurisdiction." As stated above, however, Plaintiff has not

stated a claim over which this Court has jurisdiction, and thus the Court cannot exercise supplemental jurisdiction over any related claim. *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.,* 500 F.3d 171, 178-79 (2d Cir. 2007).

Finally, Plaintiff argues that jurisdiction of his constitutional-tort claim can be based on the principles established in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss (Dkt. 13) at pp. 2-3 of 6. But *Bivens* establishes jurisdiction only for claims against a federal officer or employee, not against the United States or its agencies. *Meyer*, 510 U.S. at 484-86. Plaintiff has named only the United States as a defendant in this case.

### B. Plaintiff's Defamation and False Light Claims

Plaintiff's original Complaint stated only a cause of action for "Defamation/Slander/Libel per se." *See* Dkt. 2-2 at p. 6 of 8. The FTCA waives the federal government's sovereign immunity from "claims against the United States, for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). This waiver is limited, however, by a number of exceptions. One of those exceptions excludes claims "arising out of . . . libel [or] slander" from the FTCA's waiver of immunity. 28 U.S.C. § 2680(h). Thus, the federal courts lack subject-matter jurisdiction over claims of libel, slander, and defamation. *Pretlow v. Garrison*, 420 F. App'x 798, 803 (10th Cir. 2011) (unpublished).

Plaintiff's Amended Complaint adds a claim entitled "False Light," in which Plaintiff alleges that Mr. Bruner's false statements placed Plaintiff in a false light and caused him

5

humiliation, loss of reputation, shame, mental anguish, and pain and suffering. *See* Pl.'s Am. Compl. (Dkt. 8) at p. 6 of 9. Plaintiff argues that because a false-light claim protects a plaintiff's privacy interest, it is different from a defamation claim and thus not subject to the FTCA's exclusion of defamation actions. *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss (Dkt. 13) at pp. 5-6 of 6. The FTCA, however, excludes not just libel and slander claims but also all claims "arising out of" libel and slander. 28 U.S.C. § 2680(h). A claim styled as "false light" is subject to this exception if it is based on allegedly defamatory statements about the plaintiff. *See, e.g., Hobdy v. United States*, No. 91-3204, 1992 WL 149871 at *3 (10th Cir. June 26, 1992) (unpublished); *Metz v. United States*, 788 F. 2d 1528, 1535 (11th Cir. 1986). Plaintiff's false-light claim in the present case is based on the false statements that he alleges were made by Mr. Bruner. As a result, this claim is also subject to the exception stated in 28 U.S.C. § 2680(h), and the Court lacks jurisdiction over this claim.

## CONCLUSION

The United States has not waived its sovereign immunity from Plaintiff's claims. Consequently, the Court lacks subject-matter jurisdiction over those claims, and they must be dismissed pursuant to FED. R. CIV. P. 12(b)(1). Moreover, Plaintiff's causes of action fail to state claims on which relief can be granted, and they must be dismissed pursuant to FED. R. CIV. P. 12(b)(6). Therefore,

IT IS HEREBY ORDERED that the United States' Motion to Dismiss Plaintiff's Amended Complaint is granted, and Plaintiff's Amended Complaint and all claims against the United States

6

are dismissed with prejudice.

      IT IS FURTHER ORDERED that Plaintiff may have leave to amend his complaint to assert a claim or claims against Kenneth Bruner.

      IT IS FURTHER ORDERED that Plaintiff shall serve his amended complaint on Mr. Bruner as provided in FED. R. CIV. P. 4(i).

      Dated this 2nd day of May, 2018.

                            BY THE COURT:

                            DEE BENSON
                            United States District Court Judge