JOHN W. HUBER, United States Attorney (7226)
JEFFREY E. NELSON, Assistant United States Attorney (2386)
Attorneys for the Defendants
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
jeff.nelson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SCOTT WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES of AMERICA and KENNETH BRUNER,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Case No. 1:18-cv-00006-DB<br><br>District Judge Dee Benson |

Before the Court is the defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 19). The motion has been fully briefed, and a hearing was held before the Court on October 10, 2018. At the hearing, Scott Williams ("Plaintiff") was represented by Andrew Fackrell, and the defendants were represented by Jeffrey E. Nelson. Based on the parties' written and oral arguments, the pleadings, and the relevant law, the Court enters the following Memorandum Decision and Order.

In his Second Amended Complaint, Plaintiff alleges that defendant Kenneth Bruner violated Plaintiff's Fifth Amendment due-process rights when he published defamatory statements about Plaintiff. Pursuant to FED. R. CIV. P. 12(b)(6), the defendants have moved for

dismissal of Plaintiff's Second Amended Complaint on the grounds that (1) the complaint fails to state a claim on which relief can be granted under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), and (2) defendant Kenneth Bruner is entitled to qualified immunity from Plaintiff's *Bivens* claim. *See* Mot. To Dismiss Pl.'s Sec. Am. Compl. (Dkt. 27). For the reasons set forth below, the defendants' Motion to Dismiss is GRANTED.

## STANDARD OF REVIEW

To survive a motion under Rule 12(b)(6), a complaint must contain factual allegations sufficient to state a claim that is plausible on its face. *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The plaintiff bears the burden of demonstrating that the complaint meets this threshold. *Olson v. Carmack*, 641 F. App'x 822, 826-27 (10th Cir. 2016) (unpublished) (citing *Twombly,* 550 U.S. at 556).

The court accepts the allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 385 (10th

2

Cir. 2016). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## DISCUSSION

I. **Challenge to scope-of-employment certification.**

Plaintiff sued Mr. Bruner, an employee of the United States Air Force, in the Second Judicial District Court of Davis County, State of Utah. *See* Pl.'s Compl. (Dkt. 2-2). Plaintiff alleged that Mr. Bruner published false statements that defamed Plaintiff and damaged his reputation. *Id.* ¶¶ 19-29. The United States removed that case to this Court based on the certification of the United States Attorney that Mr. Bruner was acting within the scope of his federal employment at the time of the events on which Plaintiff's claim was based. *See* Notice of Removal (Dkt. 2). Under 28 U.S.C. § 2679(d)(2), the case then proceeded as an action against the United States under the Federal Tort Claims Act (FTCA).

Defamation claims fall within an exception to the FTCA's waiver of the United States' sovereign immunity. *See* 28 U.S.C. § 2680(h). Thus, the United States moved to dismiss the defamation cause of action in Plaintiff's Amended Complaint on the ground that the Court lacked subject-matter jurisdiction over Plaintiff's defamation cause of action because it is barred by the FTCA's exclusion of defamation claims. *See* Mot. to Dismiss Pl.'s Am. Compl. (Dkt. 12). The Court issued a Memorandum Decision and Order dated May 2, 2018 (Dkt. 22), in which the Court dismissed Plaintiff's Amended Complaint and granted Plaintiff leave to amend his complaint to assert a *Bivens* claim against Mr. Bruner. Plaintiff filed a Second Amended Complaint (Dkt. 19), which is the subject of the Motion to Dismiss presently before the Court.

At the hearing on October 10, 2018, Plaintiff attempted to challenge the scope-of-employment certification by arguing that Mr. Bruner was not acting within the scope of his federal employment when he made the allegedly defamatory statements about Plaintiff. If Plaintiff could prove that Mr. Bruner was acting outside the scope of his employment, Plaintiff would not be required to pursue his claim against the United States under the FTCA and thus would not be subject to the FTCA's exclusion of defamation claims.

A plaintiff who is dissatisfied with a scope-of-employment certification may challenge the certification. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995). However, Plaintiff never raised a certification challenge when the FTCA claim was before this Court, and the FTCA claim was dismissed by the Memorandum Decision and Order dated May 2, 2018 (Dkt. 22). The FTCA claim is no longer before the Court, and thus the time to challenge the certification has passed.

**II.     Plaintiff's Second Amended Complaint fails to state a *Bivens* claim on which relief can be granted because Mr. Bruner's alleged defamation of Plaintiff does not implicate a liberty interest under the Fifth Amendment.**

Plaintiff seeks to extend *Bivens* liability in a defamation context by alleging that Mr. Bruner violated his Fifth Amendment due-process rights when he made allegedly false statements about Plaintiff. Pl.'s Second Am. Compl. ¶¶ 27, 31. Plaintiff alleges that Mr. Bruner's false statements caused Plaintiff to suffer "permanent damage to his good name and reputation," as a result of which "Plaintiff has been foreclosed from employment opportunities." Pl.'s Second Am. Compl. ¶¶ 20-21. In his Memorandum in Opposition to Motion to Dismiss (Dkt. 28), Plaintiff acknowledges that "the nature of the claim is not the loss of current employment, it is

4

the foreclosure of future employment opportunities." Pl's Opp. Mem. at 3. Plaintiff's allegation that Mr. Bruner damaged his reputation and thus foreclosed employment opportunities describes a common-law defamation claim, not a deprivation of his Fifth Amendment due-process rights.

The Supreme Court has recognized a *Bivens* claim arising from defamation in very limited circumstances arising from direct government action affecting a plaintiff's legal rights, which is not applicable here. In *Paul v. Davis*, 424 U.S. 693 (1976), the defendants were chiefs of two police departments in Kentucky who had distributed flyers warning merchants to be aware of suspected shoplifters in the area. *Id.* at 694-95. Plaintiff Davis's picture and name were printed on the flyers. *Id.* While Davis had been arrested and charged with shoplifting, the charge had been withdrawn. *Id.* at 695-96.

Davis sued the police chiefs under 42 U.S.C. § 1983—the *Bivens* analog for claims against state and local officials—claiming that the police chiefs had violated his Fourteenth Amendment due-process rights by falsely labeling him a shoplifter. Davis sought damages resulting from, among other things, the impairment of his future employment opportunities. *Id.* at 697. Davis argued that, because the police chiefs were government officials, their defamation of him deprived him of a liberty interest protected by the Due Process Clause. *Id.* at 697-98.

The Supreme Court declined to extend the liability of public officials that far. The Court noted that its prior cases had established that the "stigma" caused by an official's defamatory statements is not by itself sufficient to elevate a common-law tort claim to a deprivation of liberty or property under the Fourteenth Amendment. *Id.* at 701-02. "[T]he weight of our decisions establishes no constitutional doctrine converting every defamation by a public official

5

into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Id.* at 702 and n.3 (noting that the liability of federal officials under the Fifth Amendment's Due Process Clause parallels that of state officials under the Fourteenth Amendment). In the context of a claim of a loss of employment opportunities, the Court held that a government official's defamatory statements are actionable as a constitutional violation only if the statements were made "in the course of the termination of employment." *Id.* at 710.

Defamation by a government official occurs "incident to the termination" of employment only if it occurs in the course of a termination or other employment action by a *government* employer. *Siegert v. Gilley,* 500 U.S. 226, 233-34 (1991). In the absence of government action directly affecting the plaintiff's employment, the plaintiff's remedy is under state tort law, not the Constitution. *Id.; see also Melton v. City of Oklahoma City,* 928 F.2d 920, 926-27 (10th Cir. 1991) (in the context of a loss of employment, a liberty interest under the Due Process Clause arises "[w]hen a public employer takes action to terminate an employee based upon a public statement of unfounded charges of dishonesty or immorality" that foreclose employment opportunities).

This principle is exemplified by *Pendleton v. City of Haverhill,* 156 F.3d 57 (1st Cir. 1998), a case with facts similar to those of the present case. In *Pendleton,* the plaintiff was employed by a private nonprofit organization as a vocational counselor who advised public school students about career opportunities. *Id.* at 61. Pendleton was arrested and charged with cocaine possession and other crimes. *Id.* Pendleton pled not guilty, and the charges were subsequently dismissed. *Id.*

6

In an interview with a local newspaper, the arresting officers expressed indignation at the dismissal of the charges and asserted that Pendleton in fact had been using cocaine. *Id.* at 61-62. A month later, Pendleton's private employer fired him. *Id.* at 62.

Pendleton sued the officers under 42 U.S.C. § 1983 claiming, among other things, that the officers had defamed him. *Id.* Pendleton alleged that the officers' statements caused him to lose his job, thus depriving him of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *Id.* The district court granted summary judgment for the defendants on this claim, and Pendleton appealed. *Id.*

The First Circuit affirmed the district court's decision. The Court noted first that the Supreme Court had established the principle that the stigma resulting from a government official's defamatory statements is not sufficient by itself to support a claim under the Due Process Clause. *Id.* at 62-63 (citing *Paul*, 424 U.S. at 700-01). Rather, in the context of a loss of employment, the false statement must be "uttered incident to the termination." *Id.* at 63 (quoting *Siegert,* 500 U.S. at 234). In Pendleton's case, the defendants who allegedly defamed him were not involved in the decision to terminate him, and thus the defamation could not have occurred "incident to" the termination. *Id.* Under this so-called "stigma-plus" theory, a violation of constitutional rights exists only if the plaintiff has been deprived of *government* employment as a result of *government* action. *Id.* Pendleton was terminated by a private employer, and thus could not establish the requisite "plus" to support his theory of recovery. *Id.*

Plaintiff's claim in the present case fails for the same reason. Plaintiff alleges that Mr. Bruner's statements were made "during the termination process of the Plaintiff's employment."

7

Pl's Second Am. Compl. (Dkt. 19) ¶ 33. But this is nothing more than "a formulaic recitation of the elements of a cause of action," which the Supreme Court has said will not suffice to state a cause of action without "further factual enhancement." *Iqbal*, 556 U.S. at 677 (internal quotations and citations omitted). Mr. Bruner's allegedly defamatory statements would be actionable only if Plaintiff had been a government employee. *Siegert,* 500 U.S. at 233-34. Plaintiff, however, was employed by a private contractor, not the government. Pl's Compl. (Dkt. 2-2) ¶ 5.

Plaintiff alleges that Mr. Bruner's statements damaged his reputation in his work community. *Id.* ¶¶ 18-20. Plaintiff alleges that due to the harm to his reputation, he "has been foreclosed from employment opportunities" and thus has no sponsor for a security clearance to work in his chosen profession. *Id.* ¶¶ 21-23. Plaintiff has alleged a "stigma," but he cannot allege the "plus" because the government was not his employer and thus did not fire Plaintiff or take any other employment action against him. Plaintiff alleges that Mr. Bruner's statements will impair his future employment prospects, but "so long as such damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a *Bivens* action." *Siegert,* 500 U.S. at 234; *see also Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994) (plaintiff's alleged loss of employment opportunities due to a government official's alleged defamation is too "speculative" and "intangible" to constitute a deprivation of a liberty interest). Plaintiff cannot meet the necessary stigma-plus factors because he was not employed by the government, and thus Mr. Bruner's alleged defamation of him could not have occurred in the course of his termination by a government employer.

**III. Plaintiff's claims against the United States and against Mr. Bruner in his official capacity will be dismissed because a *Bivens* claim can be brought only against a federal official in his individual capacity.**

Although Plaintiff's Second Amended Complaint does not contain explicit allegations against the United States, Plaintiff has named the United States as a defendant. The Court has already ruled that it lacks jurisdiction over Plaintiff's *Bivens* claim against the United States. *See* Mem. Decision and Order (Dkt. 22) at 5 (citing *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 484-86 (1994)). Thus, to the extent that Plaintiff's Second Amended Complaint can be interpreted to allege a claim against the United States, that claim will be dismissed for the same reason that the Court previously dismissed it.

Plaintiff also purports to sue Mr. Bruner in both his individual and official capacities. *See* Pl.'s Second Am. Compl. ¶ 7. A *Bivens* action, however, may not be brought against a government employee in his official capacity. *Hatten v. White,* 275 F.3d 1208, 1210 (10th Cir. 2002) (citing *Meyer,* 510 U.S. at 483-86).

## ORDER

IT IS HEREBY ORDERED that the defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is GRANTED, and Plaintiff's Second Amended Complaint is dismissed with prejudice.

Dated this 31st day of October, 2018.

BY THE COURT:

_____
DEE BENSON
United States District Court Judge